

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00442-CV

_____

IN THE INTEREST OF Z.C., A CHILD

On Appeal from the 242ⁿᵈ District Court
Hale County, Texas
Trial Court No. B38935-1211; Honorable Ed Self, Presiding

April 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, J.C.C.E., appeals from the trial court's order terminating his parental rights to his son, Z.C., (hereinafter "the child") and appointing Appellee, the Texas Department of Family and Protective Services, sole permanent managing conservator.[1] By a single issue, he contends the evidence is insufficient to support the trial court's finding that termination is in the child's best interest. We affirm.

---

[1] To protect the parent's and child's privacy, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2013). *See also* TEX. R. APP. P. 9.8(b).

## BACKGROUND

The child, the subject of this proceeding, is a male born in April 2007. In December 2012, the Department received a referral of neglectful supervision. The referral was related to an auto accident in which Appellant, while driving a vehicle, chased the child's pregnant mother while she was in her vehicle with the child and an aunt as passengers. Appellant intentionally collided with the mother's vehicle forcing it off the road and killing her and causing injuries to the child which required hospitalization. The aunt also suffered injuries. After his release from the hospital, the child was placed with maternal relatives who wish to adopt him.

Pursuant to plea agreements, Appellant was convicted of murdering the child's mother and her unborn child and also convicted in two separate causes of aggravated assault with a deadly weapon for injuries sustained by the child and the aunt. He was sentenced to sixty years confinement on the murder conviction and twenty years confinement for each of the two convictions for aggravated assault with a deadly weapon.

By a single issue, Appellant challenges the trial court's finding that termination of his parental rights was in the child's best interest. He asserts the Department's caseworker thwarted his effort to communicate with the child by failing to deliver appropriate correspondence and drawings to the child. Appellant argues her conclusion that termination was in the child's best interest is "just plain wrong."

**STANDARD OF REVIEW IN TERMINATION CASES**

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

In applying the clear and convincing standard onto our legal sufficiency standard, we review the evidence by considering all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re E.N.C.*, 384 S.W.3d at 802 (citing *In re J.F.C.*, 96 S.W.3d at 266). To give appropriate deference to the fact finder's conclusions, we must assume the fact finder resolved disputed facts in favor of its finding if a reasonable

3

fact finder could do so. *Id.* As a corollary to this requirement, an appellate court should also disregard all evidence that a reasonable factfinder could have disbelieved or found to been incredible.[2] *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.*

In a factual sufficiency review, a court of appeals must give due consideration to the evidence the fact finder could reasonably have found to be clear and convincing. *In re C.H.*, 98 S.W.3d at 25. We determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id.* In doing so we consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *In re J.F.C.*, 96 S.W.3d at 266.

The Family Code permits a trial court to terminate parental rights if the Department proves by clear and convincing evidence that the parent committed an action prohibited under section 161.001(1) and termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2013); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

---

[2] This does not mean that a court must disregard *all* evidence that does not support the finding. To do so could skew the analysis of whether there is clear and convincing evidence. See *In re E.N.C.*, 384 S.W.3d at 802.

Appellant's parental rights to the child were terminated on the grounds enumerated in section 161.001(1)(L), (Q) and (T)(i). He does not challenge any of the grounds for termination. Thus, we will proceed to analyze the trial court's best interest finding.

## BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the child's best interest. *See* § 161.001(2). Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. *See also In re E.C.R.*, 402 S.W.3d 239, 249-50 (Tex. 2013). A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See Holley*, 544 S.W.2d at 371-72.

The only two witnesses at the final hearing were Appellant and the caseworker. Appellant, aided by an interpreter, acknowledged his three criminal convictions related to the auto accident that killed the child's mother. He testified he loved his son and did not want him taken away. He acknowledged that due to his incarceration, he would be unable to provide support for the child.

The caseworker testified the child was placed with a maternal great aunt and uncle and was happy and doing well. His relatives were pursuing adoption and were committed to providing a permanent and stable home. Adoption would provide the child

with permanency and his relatives were seeking better medical benefits, tuition waiver and other benefits to assist them in caring for the child.

Furthermore, at the time of the hearing, the child was in counseling. The caseworker admitted that Appellant had written the child a letter and made some drawings which she forgot to deliver to the child's counselor. No evidence was presented concerning the child's desires or his feelings toward Appellant.

From a review of the entire evidentiary record, including the facts from the auto accident which led to Appellant's convictions for murder and aggravated assault, we find that a reasonable fact finder could have formed a firm belief or conviction that termination of Appellant's parental rights was in the child's best interest. Accordingly, Appellant's sole issue is overruled.

**CONCLUSION**

The trial court's order terminating Appellant's parental rights as to his son is affirmed.

Patrick A. Pirtle
Justice
